FREDERICK HOTEL COMPANY *v.* NATIONAL SURETY COMPANY

(No. 7467)

Submitted April 18, 1933. Decided May 2, 1933.

610

*Henry L. Ducker*, for plaintiff in error.

*Fitzpatrick, Brown & Davis* and *Walter L. Brown*, for defendant in error.

HATCHER, JUDGE:

This is an action on an insurance policy issued by defendant agreeing to indemnify plaintiff against loss by forgery or alteration of checks, etc. The trial court, acting in lieu of a jury, gave verdict and judgment for the defendant, and plaintiff obtained a writ of error.

The evidence discloses that H. C. Ritter, desk clerk of plaintiff, drew his personal check for $5.00, upon the Huntington Bank & Trust Company, payable to plaintiff, and presented it for endorsement to plaintiff; that it was regularly endorsed by plaintiff and returned to Ritter; that he then raised the check to $595.00, and obtained that sum upon it from the First Huntington National Bank; that upon presentation to the drawee bank the check was dishonored for lack of funds and the First National then charged the check to plaintiff's account. Plaintiff has never obtained any repayment on the check.

The policy agreed to indemnify the plaintiff against any loss, not exceeding fifteen hundred dollars, which plaintiff (or any bank in which plaintiff carried a checking account) should sustain through payment (1) of any check, etc., upon which the signature of the plaintiff, ''as maker or drawer or acceptor thereof shall have been forged''; (2) of any check, etc., made or drawn by plaintiff (a) upon which the signature of any endorser thereof shall have been forged, or (b) which shall have been raised or altered in any other respect; or (3) any loss through the receipt by the plaintiff ''as collateral and/or in exchange for property sold and delivered and/or in exchange for services rendered'' any check, etc., subject to the above described forgeries.

Plaintiff did not sign the Ritter check as *maker, drawer* or *acceptor* (and its signature as accommodation *endorser* was not forged.) The plaintiff did not receive the check either as *collateral* or *in exchange* for anything. So the policy does not cover this loss.

Plaintiff invokes a liberal construction of the policy in its favor and contends that when so construed the terms in the policy are broad enough to include this situation. The rule that a policy is to be construed liberally in favor of the insured is well defined. The rule does not apply where the language used is plain or even where "the language has acquired, by judicial construction, a clear and definite meaning. * * * The court will not pervert or do violence to the language used, or expand it beyond its plain and ordinary meaning * * * and thereby render the rule applicable." 32 C. J. on Insurance, sec. 267. Accord: 14 R. C. L. on Insurance, sec. 103. The words *maker, drawer* and *acceptor* are clearly defined in the Negotiable Instrument Law (secs. 60, 61, 62 and 63) which was adopted in West Virginia in 1907 and which has been adopted in nearly all the states for at least twenty years. The courts of the states adopting that law have judicially followed its definitions. Those words have acquired a clear and definite meaning through judicial as well as statutory definitions. The plaintiff does not come within those definitions. Moreover, its exclusion is not changed by the definitions of those words in the standard dictionaries. Consequently the judgment of the circuit court is affirmed.

*Affirmed.*